VILLAR & Co. INC., Plaintiff and Appellee, *v.* FRANCISCO FORTUÑO SELLÉS, Defendant and Appellant.

No. 4704.  Argued March 8, 1929.—Decided March 12, 1929.

*O'Neill & O'Neill* for the appellant.  *Harry B. Llenza* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Villar & Co. Inc. presented a complaint in the District Court of San Juan against Francisco Fortuño Sellés alleging that as a consequence of the sale of a quantity of cement in barrels the plaintiff drew two drafts totalling $580.91 on defendant Fortuño Sellés and to the order of the Bank of Nova Scotia; that the defendant accepted the drafts but when they were presented to him for payment he refused to pay their amount and has not paid it in whole or in part, and that the plaintiff had to take back the drafts, which are now its property.  It prayed for judgment against the defendant for the said sum, with interest from the date of maturity and the costs.  The complaint is verified in legal form.

The defendant first filed a motion to strike out, then a demurrer and later an answer in which it is alleged:

"First.—That he denies generally and specifically each and every averment of the complaint and

"As new matter in opposition alleges that the said complaint does not state facts sufficient to constitute a cause of action."

The answer is not verified.

On the plaintiff's motion the court struck out the answer because it did not deny the allegations specifically, but as a whole. Later the same party moved for a judgment by default and the motion was sustained. This appeal was taken from that judgment.

The appellant assigns error as follows:

"Only error.—The District Court of San Juan erred in holding that the complaint in this case adduces facts sufficient to determine a cause of action against the defendant."

The basis of the assignment is that it is clearly and distinctly alleged in the complaint that the drafts transcribed therein belonged to the Bank of Nova Scotia and became the property of the plaintiff when the defendant failed to pay them, from which it results, says the appellant, that the bank did not act as agent, but discounted the drafts and paid their amount to the plaintiff in the ordinary and usual form for bills of exchange; and it has not been alleged that later they were indorsed, which is the manner of transferring bills of exchange in accordance with article 461 of the Code of Commerce; nor has it been alleged that they were protested for nonpayment, nor does that appear from the copies of the drafts.

The appellant can not establish deductions in matters of fact, as he now attempts to present, in order to show that the complaint does not state sufficient facts. A demurrer must be pleaded on the averments of the complaint and not on facts which the party may deduce.

Here the drafts were drawn to the order of the Bank of Nova Scotia which is really an agent for collecting them. The drawee accepted the drafts and did not pay them. These facts appear from the complaint, from the lack of specific denial and even some of them from the brief of the appellant.

The plaintiff alleged that it is the actual owner of the drafts, and as this has not been contradicted by the defendant by means of a formal denial, it may be considered as admitted. If the plaintiff is the owner of the drafts, and this is a fact, there is no necessity for deductions and lucubrations about the origin, the title and the manner of acquiring that ownership. The starting point is the evident and uncontradicted fact of the ownership, and then it is undoubted that the plaintiff has to make no other allegation. In the position in which the defendant has placed himself he can not raise that question now.

The quotation from the opinion in *Ismert Hinke Milling Co. v. Muñoz,* 37 P.R.R. 762, is not apposite. It was said there:

"Where a draft has been made payable to the order of a bank which attempts to collect it without success and which acts merely in the capacity of agent of the corporation making the draft, the latter is always the owner and holder of the draft and has a cause of action for the collection of its amount without the necessity of a previous indorsement of the bank in its favor."

As may be seen, the quotation is adverse to the appellant.

Likewise, the articles of the Code of Commerce cited by the appellant are not applicable.

The plaintiff did not bring the action referred to in article 516 of the Code of Commerce:

"In default of the payment of a bill of exchange, presented and protested at the proper time and in the proper manner, the holder shall have a right to demand of the acceptor, of the drawer, or of any of the indorsers reimbursement for the costs of protest and reexchange; but after an action has been instituted against one of them, it can not be brought against the rest except in the case of the insolvency of the defendant."

Nor is the plaintiff required to show the nonpayment of the draft (article 502 of the Code cited), nor will the protest serve him for the procedural purpose indicated in article 521 of the Code cited.

There is nothing in the judgment to justify the appellant in assigning the error.

The judgment appealed from must be affirmed.